**In the Matter of Sam James Recile, Bankrupt.**

**Sam James RECILE, Bankrupt, Appellant,**

**v.**

**Albert J. WARD, Jr., Trustee for Southern Land Title Corporation, etc., et al., Appellees.**

**No. 73-1648.**

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1974.

James J. Morrison, James J. Morrison, Jr., New Orleans, La., for appellant.

Charles Schwartz, Jr., New Orleans, La., for Albert Ward, Trustee, for So. Land, Plaza Tower & Co-Trustee, for G. Brian Corp.

Edward M. Heller, New Orleans, La., for Dorothy R. Cowen, Trustee for Recile.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., for United States.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied.

In considering the petition for rehearing, however, we noted that on page 682 of 496 F.2d we stated that certain contentions based upon Rule 6(b)(2) of the Federal Rules of Civil Procedure are "without merit, of course, since bankruptcy proceedings are not governed by the Federal Rules of Civil Procedure, and Rule 6(b)(2) is therefore irrelevant". This observation, which was not essential to the decision, is not in accord with the objectives of the Rules of Bankruptcy Procedure. The Advisory Committee's Introductory Note to the Preliminary Draft of the Rules of Bankruptcy Procedures states:

> "A premise in the drafting of all the rules is that the procedure in bankruptcy cases should be conformed to that prescribed for most other kinds of civil litigation in the federal courts. Thus the Preliminary Draft adheres to and particularizes the policy of General Order 37 to follow the Federal Rules of Civil Procedure in proceedings under the Act 'as nearly as may be.' The mode and extent of the adaptation of the Civil Rules in the Bankruptcy Rules are more fully described elsewhere in this Introductory Note. The Federal Rules of Appellate Procedure have been adapted in the rules of Part VIII for the purpose of governing reviews of referees' judgments by the district judge, and the Federal Rules of Evidence are made applicable by Rule 917 to cases and proceedings in bankruptcy."

1 Collier, Spec.Supp.J. (19——). See also the Advisory Committee's Note to Bankruptcy Rule 906(b) which states that it follows Rule 6(b) of the Federal Rules of Civil Procedure and Rule 26(b) of the Federal Rules of Appellate Procedure, with some modifications.

Accordingly, the Court's original opinion dated June 24, 1974, is modified to conform with this opinion denying the application for a rehearing.