In re Windbrooke Development
Corporation, Bankrupt.

**WINDBROOKE DEVELOPMENT
CORPORATION, Appellant,**

v.

**ENVIRONMENTAL ENTERPRISES,
INC., OF FLA., et al., Appellees.**

No. 75–2781
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Martin L. Sandler, Miami, Fla., for appellant.

Stephen F. Bacen, Michael F. Kempner, Hollywood, Fla., for appellees.

.Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Affirmed on the order of the District Court which is set out below.

## IN RE: WINDBROOKE DEVELOPMENT CORPORATION,

Alleged Bankrupt.

No. 74–530–Bk–CF–Y

United States District Court,
S.D. Florida.

### ORDER

The alleged bankrupt has filed this appeal from an Order of the Bankruptcy Judge which denied its motion to dismiss or in the alternative for summary judgment.

The undisputed factual setting of this case is relatively uncomplicated. On May 8, 1974, Franklin National Bank recorded a mortgage on property owned by Windbrooke Development Corporation to secure an indebtedness. On September 6, 1974, shortly before the four month statutory period prescribed by Section 60 of the Bankruptcy Act would run, three creditors joined in filing an involuntary petition in bankruptcy against Windbrooke. On September 30, 1974, 24 days after the filing of the petition, summons were issued.

The alleged bankrupt filed its motion to dismiss or in the alternative for summary judgment, contending that by virtue of the delay in issuance of the summons, these proceedings were not "commenced" so as to toll the running of the statutory four month period. The Bankruptcy Judge denied the motion to dis-

miss, finding the 24 day delay to be a technical defect.

The issues for the Court's determination, as counsel have stated them, are these:

1. Where an involuntary petition in bankruptcy is filed within the four month statutory period but summons are not issued for twenty-four days thereafter, whether the statutory four-month period regarding preferential transfer is tolled?

2. Whether the failure of the petitioning creditors' failure [sic] to comply with the Bankruptcy Rules of Procedure, which require the forthwith issuance of summons in connection with the filing of an involuntary petition in bankruptcy is such a defect as to prevent the initial filing of the petition from tolling the statute of limitations related to preferential transfers?

Examination of Sections 3b and 60a(1) of the Bankruptcy Act is helpful here. Section 3b of the act (11 U.S.C. § 21(b)) provides in pertinent part as follows:

A petition may be filed against a person within four months after the commission of an act of bankruptcy.

An act of bankruptcy is described in section 3a(2) as the making or suffering of a preferential transfer as defined in section sixty of the act.

Section 60a(1) of the Bankruptcy Act (11 U.S.C. § 96) provides that:

A preference is a transfer, as defined in this act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

Both sections 3b and 60a(1) provide for a petition to be filed within four months after the commission of an act of bank-

ruptcy. Neither section mentions service of summons. In the instant case, the petition was admittedly filed within the requisite four months. The petition was therefore clearly in compliance with sections 3b and 60a(1), and the statute of limitations was tolled upon the filing of the petition.

Counsel have placed great emphasis on Bankruptcy Rules 101 and 111. Bankruptcy Rule 101 states that a bankruptcy case is commenced by filing a petition with the Court for the purpose of obtaining an adjudication as a bankrupt. No mention is made there of the filing of a summons. Appellant argues that Rule 101 must be read in conjunction with Rule 111, which provides that summons shall issue forthwith, and contends that commencement of an action requires both filing of the petition and forthwith issuance of the summons.

■ Counsel have not cited, and the Court has been unable to discover, any cases dealing specifically with the bankruptcy rules in issue. Instead, the parties have relied upon analogous Federal Rules of Civil Procedure and cases decided thereunder as being dispositive of the questions raised. This is proper since the Civil Rules are applicable to bankruptcy cases in order that the procedure for bankruptcy cases will conform as nearly as possible to the procedure followed in other civil litigation. *Recile v. Ward,* 503 F.2d 1374 (5th Cir. 1974).

■ The Federal Rules of Civil Procedure are similar to the Bankruptcy Rules. Fed.R.Civ.P. 3 provides that "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 4(a) provides in pertinent part that "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it." Under the civil rules, numerous cases have held that, for limitations purposes, a civil action is deemed to commence upon the filing of a complaint. *Anderson v. Phoenix of Hartford, Ins. Co.,* 320 F.Supp. 399 (D.C.La.1973); *Benn v. Linden Crane Co.,* 370 F.Supp. 1269 (D.C.Pa.1973); *United States v. Malkin,* 317 F.Supp. 612 (D.C.N.Y.1970), and this is the general rule. 2 *Moore's Federal Practice* ¶ 3.07 [4.–3–2] 1973 ed. It is especially true where there has been no lack of diligence in obtaining service of process. *Newberg v. American Dryer Corp.,* 195 F.Supp. 345 (D.C.Pa.1961). In the instant case, the petitioning creditors were diligent. The delay was caused when the District Court Clerk's Office supplied the wrong type summonses to the petitioning creditors, when the Clerk's Office failed to supply true copies of the petition, and by a basic lack of coordination between the District Court Clerk's Office and the Bankruptcy Court Clerk's Office. Indeed, at the October hearing on this motion, the attorney for the petitioning creditors stated that it was a week or two before he discovered that the summons had not been issued.

Clearly, the petition was filed within the four-month period, and compliance with sections 3b and 60a(1) of the Bankruptcy Act, together with Rule 101 of the Bankruptcy Rules, tolled the statute of limitations. Certainly the petitioning creditors have not been guilty of the sort of failure to prosecute or comply with the rules that would justify an involuntary dismissal pursuant to Fed.R.Civ.P. 41(b), as Windbrooke contends, and Windbrooke has not shown actual prejudice to it caused by the 24 day delay.

The Bankruptcy Judge's Order denying Windbrooke's motion to dismiss or in the alternative for summary judgment is therefore affirmed in all respects.

Done and ordered at West Palm Beach, Florida, this 29 day of May, 1975.

/s/ CHARLES B. FULTON
Chief Judge