Edward W. SHELLEY

v.

**BAYOU METALS (two cases).**

**Civ. A. Nos. 761067, 760789.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Nov. 18, 1976.

Robert E. Piper, Jr., Piper & Brown, Shreveport, La., for plaintiff (in both actions).

Henry T. Arrington, Kullman, Lang, Inman & Bee, New Orleans, La., Francis M. Gowen, Jr., Shreveport, La., for defendant (in C.A. No. 760789).

RULING ON MOTION TO DISMISS FILED IN CIVIL ACTION NO. 760789 AND DISMISSAL OF CIVIL ACTION NO. 761067

DAWKINS, Senior District Judge.

The sole issue presented in these actions is whether plaintiff timely and properly exercised whatever rights he may have had under the Equal Employment Opportunity Act, 42 U.S.C. § 2000e, et seq.

The sequence of events listed below is dispositive of defendant's motion to dismiss:

1. May 8, 1975, plaintiff was discharged and timely filed a complaint with E.E.O.C.

2. January 29, 1976, plaintiff received his "Right to Sue" letter from E.E.O.C.

3. April 28, 1976, plaintiff filed a suit (serving the wrong persons) on the ninetieth day after receiving his E.E.O.C. letter.

4. July 8, 1976, plaintiff was granted a default judgment for defendant's failure to answer.

5. July 12, 1976, defendant moved to set aside the default judgment because plaintiff's service of process was improper.

6. July 16, 1976, we struck the case from the Trial Calendar.

7. July 21, 1976, plaintiff's default judgment was recalled and rescinded and defendant's motion to dismiss plaintiff's claim for improper service of process was granted.

8. July 27, 1976, plaintiff filed a second suit, Civil Action No. 760789, urging the same factual situation as in the first suit.

9. September 21, 1976, plaintiff's first suit was dismissed for failure to effect proper service of process.

10. September 24, 1976, defendant filed a motion (presently at issue) in the second suit to dismiss plaintiff's complaint.

11. September 27, 1976, written judgment for defendant was signed and filed in the first suit, Civil Action No. 760442.

By the terms of 42 U.S.C. § 2000e, plaintiff is granted ninety days within which to file suit after receiving his "Right to Sue" letter. On the very eve of the running of prescription, plaintiff filed suit, Civil Action No. 760442, designating a law firm to receive service on defendant's behalf. The firm listed was not a proper agent for service of process, and plaintiff still has failed in his original suit to serve defendant's correct service agent, whose name always was available to him through the office of the Louisiana Secretary of State.

Plaintiff, now abandoning his original suit, apparently takes the position that the filing of a second law suit, and effecting proper service in it, obviates his obligation to serve defendant in the former suit. If prescription were not an issue, plaintiff's position might be persuasive. Under F.R. Civ.P. 3, filing a complaint commences a civil suit and normally interrupts prescription; but such interruption is conditioned upon reasonably timely service on the defendants or their proper agents. *Ransom v. Brennan*, 437 F.2d 513 (5th Cir. 1971), cert. den. 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d

680 (1971); see also F.R.Civ.P. 4(a), "Upon the filing of the complaint, the Clerk shall *forthwith* issue a summons and deliver it for service to the marshal . . . ." (Emphasis added.)

The requirement of filing suit within 90 days after receiving the "Right to Sue" letter is jurisdictional and must be construed *stricti juris. Pacheco v. Phelps Dodge Refining Corporation,* 531 F.2d 709 (5th Cir. 1976). Thus when plaintiff failed to follow up his timely filed suit with proper service, his claim prescribed, and the second suit came too late.

Plaintiff in his first and second suits also is suing for back pay under 42 U.S.C. § 1981. LSA–C.C. Articles 2315 and 3536 stipulate a one-year period within which a plaintiff may sue for back pay. 42 U.S.C. § 1988. Neither plaintiff's filing a complaint with the E.E.O.C.,[1] nor the filing of his first suit[2] interrupted prescription, so his claim for back pay likewise came too late.

Civil Action No. 761067 was filed on October 6, 1976. No action upon it has been taken by plaintiff. Hence, it is dismissed for want of diligent prosecution.

For these reasons, defendant's motion to dismiss plaintiff's claim must be, and is, hereby granted; and the action hereby is dismissed. A proper decree for our execution shall be submitted by defendant's counsel within five days hereof.

---

1. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

2. For reasons listed *supra.*