Edward W. SHELLEY,
Plaintiff-Appellant,

v.

BAYOU METALS, Defendant-Appellee.

No. 77–1282

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1977.

Robert E. Piper, Jr., Shreveport, La., for plaintiff-appellant.

Henry T. Arrington, New Orleans, La., for defendant-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiff Edward W. Shelley appeals from the dismissal for untimely filing of his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. We affirm.

Plaintiff Shelley, a black male, was discharged by his employer Bayou Metal Products Company on May 8, 1975. He filed a timely complaint with the Equal Employment Opportunity Commission, alleging racial discrimination. The Commission then issued plaintiff a "Right-to-Sue" letter on January 29, 1976, which allowed him ninety days after receipt of the letter to file a civil action under 42 U.S.C. § 2000e–5(f)(1). See Pacheco v. Phelps Dodge Refining Co., 5 Cir., 1976, 531 F.2d 709.

Thereafter, Shelley filed his Title VII complaint in the United States District Court for the Western District of Louisiana on April 28, 1976, just before the expiration of the ninety-day period, and included a claim under 42 U.S.C. § 1981 for back pay. As there is no federal statute of limitations for section 1981 suits, the appropriate state statute will be applied. See 42 U.S.C. § 1988; Page v. U. S. Industries, Inc., 5 Cir., 1977, 556 F.2d 346. The relevant Louisiana prescriptive period is La.Civ.Code Art. 3536 (actions resulting from "offenses or quasi-offenses"), allowing one year from the event which gave rise to the cause of action. See Page v. U. S. Industries, Inc., supra. Thus, Shelley had until May 8, 1976, to file his section 1981 claim.

The complaint filed in the district court on April 28, 1976, incorrectly named "Bayou Metals, Inc." as defendant. Plaintiff's previous employer was a partnership, Bayou Metal Products Company. When suit was filed, plaintiff's counsel instructed the Clerk of Court not to issue service of process until further notice. Instructions for service were not given to the Clerk of Court until May 5, 1976, and service on the defendant's

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

attorney was made on May 19. Service of process is not effective on an attorney solely by virtue of his capacity as legal counsel for the defendant. *See* Fed.R.Civ.P. 4(d)(1); *Ransom v. Brennan,* 5 Cir., 1971, 437 F.2d 513, 518, *cert. denied,* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971). The district court granted the defendant's motion to dismiss for improper service of process on July 21. After the district court granted the motion to dismiss, but before a judgment was rendered in conformity with the dismissal order, plaintiff filed a second suit on July 27, alleging the same facts and statutory bases for relief. Once again plaintiff incorrectly named the defendant, but proper and timely service of process was obtained. Plaintiff never sought to amend the first complaint, to obtain proper service of process, or to appeal the dismissal. The second complaint was dismissed for failure to file within the applicable prescriptive and limitations periods. It is from this dismissal that plaintiff now appeals.

The gravamen of plaintiff's appeal is that both the ninety-day period for filing the Title VII suit and the one-year period for filing the section 1981 suit were tolled by the initial complaint filed on April 28, 1976. Plaintiff contends that the district court erroneously held that the mere filing of a complaint does not toll the running of the limitations and prescriptive periods, and that reasonably timely and proper service is necessary in order to interrupt the statutory periods.

A recent decision of this circuit indicated a preference for the view that the filing of a complaint tolls the running of the limitations period. *See Windbrooke Development Corp. v. Environmental Enterprises, Inc. of Fla.,* 5 Cir., 1975, 524 F.2d 461, 463. The *Windbrooke* court declared that the "general rule" is that a civil action is deemed to commence upon the filing of a complaint, *see* Fed.R.Civ.P. 3 ("a civil action is commenced by filing a complaint with the court"), and that this was "especially true where there has been no lack of diligence in obtaining service of process," 524 F.2d at 463. In *Windbrooke* the delay in service of process was entirely the fault of the district

court Clerk's Office. Thus, this circuit has not yet squarely decided whether the statute of limitations can be tolled if the failure of timely service of process is the fault of the plaintiff.

Plaintiff's failure correctly to name the defendant in the April 28, 1976 complaint and his subsequent failure to amend that complaint renders unnecessary the decision of whether reasonable diligence in obtaining service of process in addition to the filing of a complaint is required to toll the statute of limitations. To allow the interruption of the limitations and prescriptive periods with this unamended complaint would obviate the need for Fed.R.Civ.P. 15(c), which sets forth the limited circumstances under which an amendment to a complaint changing the name of a party will relate back to the date the original complaint was filed. The Notes of the Advisory Committee on Rule 15(c) state that the Rule applies to corrections of misnomers and misdescriptions of a defendant. *See Montalvo v. Tower Life Building and Tower Life Insurance Co.,* 5 Cir., 1970, 426 F.2d 1135, 1146–47 (applying the amended 15(c) to a misnomer). *But see Washington v. T.G.&Y. Stores Co.,* W.D.La., 1971, 324 F.Supp. 849, 856–57 (holding that the correction of minor misnomers is not governed by the provisions regarding changing the party defendant). In any case, the running of a limitations period cannot be interrupted by an unamended complaint that misstates the defendant's name.

AFFIRMED.