### In re ANALYTICAL SYSTEMS, INC., Debtor.

### Bankruptcy No. A86–00688.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 2, 1987.

---

Charles E. Campbell, Hicks, Maloof & Campbell, Atlanta, Ga., for debtor.

Frank B. Wilensky, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, Ga., for respondent.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

The matter before the Court is the Motion of Analytical Systems, Inc. ("debtor"), for an order compelling discovery from ITT

Commercial Finance Corporation. ("ITT"). ITT claims to be a secured creditor of the debtor and has filed a Motion for the Appointment of a Trustee which was scheduled to be heard by the Court on January 15, 1987.

The debtor's Motion to Compel Discovery relates to an examination commenced pursuant to Bankruptcy Rule 2004 on December 3, 1986. That examination was commenced pursuant to a Motion for Bankruptcy Rule 2004 Examination filed by the debtor on October 2, 1986. Pursuant to the Motion and without objection of ITT, the Court entered an Order directing ITT to designate a representative or representatives to give testimony with respect to seven areas of inquiry set forth on Exhibit "B" to the Order directing the Examination. ITT requested a protective order with respect to certain confidential business information and, upon the debtor's consent, the Court entered such an Order on December 3, 1986.

The Order granting the debtor's Motion for a 2004 Examination of ITT provided:

> "It is also ORDERED, ADJUDGED AND DECREED that ITT shall designate a representative to testify with respect to the areas of examination set forth on Exhibit "B" hereto at the above-referred to time and place, said examination to continue from day-to-day until completed."

The examination commenced on December 3, 1986 at which time Mr. Ali M. Safwat appeared as the designated witness to testify on behalf of ITT. The debtor filed a Motion to Compel Discovery on December 23, 1986. In this motion, debtor asserted that ITT failed to comply with the Order of the Court granting the debtor's Motion for a Rule 2004 Examination by failing to designate an appropriate witness or witnesses pursuant to Rule 7030, and to educate that witness with regard to the information requested on Schedule B of the debtor's Motion for a Rule 2004 Examination. ITT filed a Brief in Opposition of the debtor's

Motion to Compel Discovery on January 12, 1987, asserting that in a Rule 2004 Examination, concerning a contested matter, it is not required to comply with Fed.R.Civ.P. 30(b)(6), as incorporated in Bankruptcy Rule 7030. ITT's contention is that Rule 7030 applies solely to adversary proceedings. The debtor, however, contends that because discovery in this proceeding was in connection with a contested matter, initiated by ITT's Motion for the Appointment of a Trustee, Rule 7030 is made applicable to Rule 2004 examinations through the operation of Rule 9014.

## CONCLUSIONS OF LAW

Bankruptcy courts are courts of equity with broad powers of administration over a bankruptcy case. *In re Ranch House of Orange-Brevard, Inc.,* 773 F.2d 1166, 1169 (11th Cir.1985). Included in these powers of administration is "broad discretion to manage the discovery process in a fashion that will implement the philosophy of full disclosure of relevant information...." *In re Mittco, Inc.,* 44 B.R. 35, 38 (Bankr.E.D.Wis.1984). An efficient and full discovery process is particularly important in a bankruptcy proceeding in order to facilitate the discovery of assets and permit their recovery to affect a complete distribution of the estate.

The Federal Rules of Civil Procedure, which provide a uniform and time tested method of procedural administration, have been held to apply in bankruptcy litigation so that the procedure for bankruptcy cases will conform as closely as possible with the procedure followed in other civil litigation. *Windbrooke Development Corp. v. Environmental Enterprises, Inc., of Florida,* 524 F.2d 461, 463 (5th Cir.1975); *Recile v. Ward,* 503 F.2d 1374 (5th Cir.1974).[1] This premise is expressly stated in the Advisory Committee's Introductory Note to the Preliminary Draft of the Rules of Bankruptcy Procedure. *See Recile, supra,* 503 F.2d at 1375.

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Bankruptcy Rule 2004(a) provides in pertinent part that "[o]n motion of any party in interest, the court may order an examination of any person." The Advisory Committee Notes to Rule 2004 state that it is derived from Rule 205(a) of the Bankruptcy Rules of 1973 which provided for the examination of the debtor and third parties concerning the debtor's assets and affairs. Rule 205(a) defined the scope of the right to examination granted under Section 21a, 11 U.S.C. Section 44a of the Bankruptcy Act of 1898 as amended. *See 2 Collier on Bankruptcy* ¶ 21.07, at 285 (14th ed. 1976); *12 Collier on Bankruptcy* ¶ 205.2, at 2–79 (14th ed. 1978). Pursuant to Rule 205(a), officers of a creditor corporation could be examined concerning dealings of the corporation with the debtor. *2 Collier on Bankruptcy* ¶ 21.09[3], at 298 (14th ed. 1976). In discussing 11 U.S.C. Section 343, which is derived from Section 21a, Congress left the examination of persons other than the debtor to the Bankruptcy Rules just as witnesses in civil cases are examined in accordance with the Federal Rules of Civil Procedure. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 332 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6288; S.Rep. No. 989, 95th Cong., 2d Sess. 43 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5829. Accordingly principles developed under former Rule 205(a) became applicable under the Bankruptcy Code's examination provisions and Rule 2004(a). *2 Collier on Bankruptcy* ¶ 343.12, at 343–25 (15th ed. 1986).

Examinations pursuant to Section 21 under the Act were conducted according to the Federal Rules of Civil Procedure. Section 21k of the Act, as amended in 1952, provided the following:

> In all proceedings under this Act, the parties in interest shall be entitled to all rights and remedies granted by the Rules of Civil Procedure ... pertaining to discovery, interrogatories, inspection and production of documents, and to the admission of execution and genuineness of instruments....

Former Bankruptcy Rules 726, 121, and 914 adopted the Rules of Civil Procedure in adversary proceedings, proceedings on a contested petition, and other contested matters respectively. *See 2 Collier on Bankruptcy* ¶ 21.34, at 379–82 (14th ed. 1976). These rules provided parties in interest with an entitlement to all of the rights granted in the Federal Rules of Procedure and presented a wide range of methods for obtaining facts and clarifying issues prior to trial. *Id.* A Section 21a examination has been held to be the "bankruptcy equivalent of civil pretrial discovery", and the application of the Federal Rules of Procedure was widely recognized in pre-Code cases. *Freeman v. Seligson*, 405 F.2d 1326, 1333, 1334 (D.C.Cir.1968) (applying Fed.R.Civ.P. 26, pertaining to discovery and document production, to Section 21 examination); *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 368 (5th Cir. 1962) (applying Fed.R.Civ.P. 26, pertaining to deposition and discovery, to Section 21 examination.)

The Federal Rules of Civil Procedure apply to adversary proceedings, subject to some modification, as expressed in Part VII of the Rules of Bankruptcy Procedure of 1983. Their applicability in contested matters, through the use of selected Rules in Part VII and subject to judicial discretion, is governed by Bankruptcy Rule 9014. This Rule provides that in contested matters:

> unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, *7028–7037*, 7041, 7042, 7052, 7054–7056, 7062, 7064, 7069, and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. (emphasis added).

Other jurisdictions have also recognized the applicability of the Federal Rules, as incorporated through the Bankruptcy Rules of Part VII, to contested matters through the operation of Bankruptcy Rule 914, the predecessor of Rule 9014. *See In re Federal Copper of Tennessee, Inc.*, 19 B.R. 177, 180 n. 2 (Bankr.M.D.Tenn.1982) (application of Rule 34 through Bankruptcy Rules 734 and 914); *In re W.T. Grant Co.*, 24 B.R. 421, 423 (Bankr.S.D.N.Y.1982) (application of Rule 23 through Bankruptcy

Rules 723 and 914). The underlying purpose of incorporating Federal Rules of Procedure into contested matters is to provide due process protections to all parties of a dispute even though it does not rise to the status of a formal adversary proceeding. 13 *Collier on Bankruptcy* ¶ 914.03, at 9–61 (14th ed. 1977).

The history of Bankruptcy Rule 2004 and the practice under Section 21 of the Act and former Bankruptcy Rule 205 indicate that the Federal Rules relating to discovery and deposition practice apply to Rule 2004 examinations. Debtor seeks a Rule 2004 examination of ITT in connection with ITT's motion for the appointment of a trustee which is properly characterized as a contested matter. Through Bankruptcy Rule 9014, the Federal Rules of Procedure, as incorporated through Part VII of the Bankruptcy Rules, are made applicable to these proceedings.

This Court finds no merit in respondent, ITT's contentions that the Federal Rules of Procedure regarding depositions do not apply in Rule 2004 examinations. Bankruptcy Rule 2004 neither includes nor excludes a mechanism for a corporation to designate and inform persons to testify on its behalf. Economy of administration is a cornerstone of bankruptcy administration. The application of the discovery device of Bankruptcy Rule 7030 (Fed.R.Civ.P. 30), for a corporation to designate and inform persons to testify on its behalf to Bankruptcy Rule 2004 examinations is both consistent with and assists in the accomplishment of expeditious administration. If fact, this device is even more desirable in bankruptcy cases where economic resources are often limited or nonexistent.

ITT's alleged concerns about due process safeguards such as unlimited access to a third party creditor's internal affairs is unfounded. As occurred in the instant case, the application and order for the Rule 2004 examination is subject to objection. The Court can, and frequently does, fashion protective orders to safeguard rights of parties to the examination. Fed.R.Civ.P. 30, made applicable in bankruptcy proceedings pursuant to Bankruptcy Rule 7030,

requires in such instances, that the party taking the examination designate "with reasonable particularity the matters on which examination is requested." Thus, without impairing the broad scope or purpose of Bankruptcy Rule 2004 examinations, the Court can provide any due process safeguards that are needed.

The remaining issue to consider is the nature of ITT's obligation under Bankruptcy Rule 7030. Rule 30(b)(6) of the Federal Rules provides in pertinent part:

A party may in his notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify ... [t]he persons so designated shall testify as to matters known or reasonably available to the organization.

The section of 30(b)(6) at issue is the nature of the requirement that the person "shall testify as to matters known or reasonably available to the organization." This requirement imposes a duty upon the deponent organization, analogous to the duty to answer interrogatories directly and without evasion, as follows:

[to] make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare these persons in order that they can answer fully, completely, unevasively, the questions posed ... to the relevant subject matters.

*Mitsui and Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 66–67 (D.P.R.1981).

The Advisory Committee Notes to Rule 30(b)(6) state that the purpose of the requirement is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn" but disclaim knowledge of facts that are clearly

known to someone in the organization and thereby to the corporation. Fed.R.Civ.P. 30 advisory committee notes. *See also, Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5th Cir.1973). Such a rule makes even more sense in the bankruptcy context where the resources of a financially distressed estate may be significantly limited. By the mere process of disclaiming knowledge of facts which are clearly known to persons in the corporation and requiring numerous examinations, a financially strapped trustee or debtor can be worn down or forced to settle on less favorable terms to the detriment of the estate and its creditors.

■ It is evident from an examination of the transcript of the December 3, 1986 deposition of Mr. Safwat that the deponent, ITT, failed to make a good faith effort to designate a person or adequately inform Mr. Safwat concerning the information requested by the debtor. The fact that there is pending litigation between the parties is not relevant to a decision to allow a Rule 2004 examination. The law on this matter "is clear that pending litigation ... against the person sought to be examined, and the possible use of 205 [now Rule 2004] testimony in that collateral litigation, is not sufficient for denying examination." *In re Mantolesky*, 14 B.R. 973, 979 (Bankr.D. Mass.1981); *see also In re Mittco, supra*, 44 B.R. 35; *In re Table Talk, Inc.*, 51 B.R. 143 (Bankr.D.Mass.1985). ITT has already been granted protection orders. It will be given an opportunity to protect any other due process rights by challenging the relevancy and admissibility of the testimony given at the 2004 examination, during any collateral litigation. *See In re Ratmansky*, 7 B.R. 829, 832–33 (Bankr.E.D.Pa.1980).

Based upon the debtor's motion, the briefs filed by the parties and arguments heard by the Court on January 14, 1987, it is

ORDERED, ADJUDGED AND DECREED that the Motion of the debtor to compel discovery is GRANTED; and it is

FURTHER ORDERED, ADJUDGED AND DECREED that ITT is hereby directed to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, with respect to the areas of examination set forth on Exhibit "B" to the Order of this Court authorizing the 2004 Examination of ITT, and to take all reasonable actions to inform said designated person or persons of all information or knowledge in the possession of or reasonably available to ITT with respect to the seven areas of examination; and it is

FURTHER ORDERED, ADJUDGED AND DECREED, that bankruptcy counsel for the debtor and ITT shall undertake in good faith to agree upon a date for the resumption of the 2004 Examination of ITT and report to the Court within ten (10) days of the entry of this Order if they have been unable to agree upon such a date. In that event, the Court will enter an Order setting the date of the continued examination.

IT IS SO ORDERED.