**Johnny DANIEL, Plaintiff,**

v.

**S.E.S. DEVELOPMENT CO., Defendant.**

**Civ. A. No. CA 3–88–1499–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 21, 1988.

---

Johnny Daniel, Dallas, Tex., pro se.

C. Kent Adams, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on defendant's Rule 12 motions to dismiss and for more definite statement. After considering the motions, pleadings, undisputed matters outside the pleadings, and the relevant cases and statutes, the court is of the opinion that the motion to dismiss under Fed.R. Civ.P. 12(b)(6) should be granted. Because that motion disposes of the case, the court will not reach the merits of the other motions.

### I. *Background*

On April 20, plaintiff Johnny Daniel ("Daniel") personally received his notice of right to sue letter from the EEOC. Supplemental affidavit of Vicki Artis ("Artis affidavit") at 1–2. The letter informed Daniel that 180 days had expired since the filing of charges with the EEOC, that with the issuance of the notice letter, the commission was terminating any further processing of the charge, and that Daniel "must file a complaint in the federal district court within ninety (90) days from the receipt of this notice ...: otherwise your right to sue is lost." Affidavit of Lorenzo Cole at 1–2.

On June 27, 1988, Daniel, *pro se,* filed an original complaint alleging that S.E.S. Development Co. had discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The complaint misstates the defendant's correct legal name, which is Southwest Realty Ltd. ("Southwest"). Original complaint at 1. *See* brief of Southwest in support of motions to dismiss under Rule 12 at 7; summonses dated June 27 and Sept. 15, 1988.

On the same day that Daniel filed his complaint, a summons was issued to S.E.S. Development. Daniel apparently did not request the marshal to serve this summons and did not accomplish service on his own.[1] On September 15, 1988, summons upon S.E.S. Development reissued. Daniel listed a different address for himself, but all the information as to S.E.S. Development remained the same. This summons was mailed by certified mail and was received by one J. Cole on September 21, 1988.[2]

On September 16, 1988, Daniel requested appointment of counsel to represent him. Pursuant to 28 U.S.C. Section 636(b), this request was referred to the magistrate on September 19, 1988. The request was denied by order of the magistrate on October 28, 1988. Daniel filed no objections or appeal in any form from this order.

---

1. The return of service form was left blank. There is nothing in the record indicating that service by the marshal was requested. Daniel has not responded in any form to Southwest's motions, and Southwest's counsel is understandably without knowledge as to the circumstances surrounding service of the complaint and summons.

2. Southwest responded to the summons and complaint with the Rule 12 motions at issue.

## II. *Analysis*

■ Section 2000e–5(f)(1) of Title 42 of the United States Code provides in part:

If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section ... the Commission ... shall so notify the person aggrieved and *within ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge....

42 U.S.C.A. § 2000e–5(f)(1) (West 1981) (emphasis added). The ninety day deadline is akin to a statute of limitations; it is subject to equitable principles such as tolling and waiver, and filing within ninety days is therefore not a prerequisite to this court's jurisdiction. *Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394–99, 102 S.Ct. 1127, 1133–36, 71 L.Ed.2d 234 (1982). In counting the 90 days, the first day is not included while the last day is. Fed.R.Civ.P. 6(a); *Milam v. United States Postal Service*, 674 F.2d 860, 862 (11th Cir.1982); *Prophet v. Armco Steel, Inc.*, 575 F.2d 579, 580 n. 1 (5th Cir.1978). The Federal Rules of Civil Procedure are not to have a different or more lenient meaning in Title VII cases as compared to other cases. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150–51, 104 S.Ct.

1723, 1725–26, 80 L.Ed.2d 196 (1984). *See Firle v. Mississippi State Department of Education*, 762 F.2d 487, 488–89 (5th Cir. 1985).

■ Daniel has not met the requirements of 42 U.S.C. § 2000e–5(f)(1). Filing of a complaint incorrectly naming the defendant will not satisfy the 90 day filing requirement, because to allow it to satisfy the requirement would obviate the need for Fed.R.Civ.P. 15(c). *Shelley v. Bayou Metals*, 561 F.2d 1209, 1210 (5th Cir.1977) ("the running of a limitations period cannot be interrupted by an unamended complaint that misstates the defendant's name") (affirming 422 F.Supp. 545, 546–47 (W.D.La. 1976)). Daniel never moved to amend his complaint, even after the filing of Southwest's Rule 12 motions. There is nothing in the record to indicate that Southwest had notice of the filing until it was served. Although service may have been achieved[3] within the time limits of Rule 4(j),[4] a motion to amend under Rule 15(c), even if filed, would have given Daniel scant comfort because service of the faulty complaint was not achieved until after the 90 day limitations period expired. *See Schiavone v. Fortune*, 477 U.S. 21, 28–29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Gonzales v. Secretary of the Air Force*, 824 F.2d 392, 395–96 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988).[5] In this case, Daniel filed his complaint 68 days into the 90 day period, but then delayed attempting service of process

---

**3.** Southwest also challenges the propriety of service under Fed.R.Civ.P. 4(c)(2)(A) and (B).

**4.** *Cf. Porter v. Beaumont Enterprise and Journal,* 743 F.2d 269, 272 (5th Cir.1984).

**5.** The Fifth Circuit has squarely held that the simple filing of a complaint will toll the running of the 90 day statute of limitations. *Caldwell v. Martin Marietta Corporation,* 632 F.2d 1184, 1187–88 (5th Cir.1980). Although that holding does not conflict with the result reached here, *see Shelley,* above, 561 F.2d at 1210; *Gonzales,* 824 F.2d at 395–96, it is worthy of note that the rule enunciated in *Caldwell* may be in doubt in the Fifth Circuit and in the Supreme Court as well. *See Walker v. Armco Steel Corporation,* 446 U.S. 740, 751 and nn. 10, 11, 100 S.Ct. 1978, 1985 and nn. 10, 11, 64 L.Ed.2d 659 (1980)

("There is no indication that [Rule 3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations") (footnotes omitted); *Gonzales,* above, 824 F.2d at 397 ("The majority ... reads the word 'file' in [42 U.S.C. § 2000e–16(c) ] to mean 'file and serve,' and that this implied service 'requirement' must also be done within the thirty-day period") (Brown, J., dissenting). *Contra, id.* at 396 n. 4. *See also Ellenbogen v. Rider Maintenance Corporation,* 621 F.Supp. 324, 326 (S.D.N.Y.1985), *reversed,* 794 F.2d 768, 773 (2d Cir.1986). The Court in *Baldwin County Welcome Center* did not frontally address the issue of whether *service* was required within the 90 day period. 466 U.S. at 150–52, 104 S.Ct. at 1725–26. *See Ellenbogen,* above, 794 F.2d at 773.

until 80 days after the complaint was filed,[6] i.e., 58 days after the 90 day limitations period expired. Daniel has never attempted to explain why service was not attempted until the limitations period had already expired.[7]

■ There are equitable principles that may toll the 90 day limitations period, but Daniel has not come forward to raise them. *Baldwin County Welcome Center,* 466 U.S. at 152, 104 S.Ct. at 1726. *See Espinoza,* above, 754 F.2d at 1251; *Nilsen v. City of Moss Point, Mississippi,* 621 F.2d 117, 120 (5th Cir.1980). Even if these principles did apply, Daniel could not benefit from them: equitable principles may not be invoked to excuse a lack of diligence. *Baldwin County Welcome Center,* 466 U.S. at 152, 104 S.Ct. at 1726. *See Gonzales,* above, 824 F.2d at 395–96.

In any event, every objection that could be raised on equitable grounds is satisfactorily answered by the record:

(1) no appointment of counsel was sought until after the 90 day period expired.[8] *See Baldwin County Welcome Center,* 466 U.S. at 151, 104 S.Ct. at 1725;

(2) Daniel actually received the notice of right to sue letter, and the contents of that letter exceeded the statutory requirements. Artis affidavit at 1–2; *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 245–46 (5th Cir.1980); *Page v. U.S. Industries, Inc.,* 556 F.2d 346, 350–51 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); *Turner v. Texas Instruments, Inc.,* 556 F.2d 1349, 1351 (5th Cir.1977). *See Baldwin County Welcome Center,* 466 U.S. at 151, 104 S.Ct. at 1725;

(3) nothing in the record indicates that Southwest affirmatively misled Daniel or that the court led Daniel to believe that he had done all that was required of him. *Id.*

### III. *Conclusion*

For the forgoing reasons, Southwest's motion to dismiss under Fed.R.Civ.P. 12(b)(6) is **GRANTED.**

SO ORDERED.

---

**6.** Service was not actually effected until 86 days after the complaint was filed.

**7.** Whether service was properly executed under Fed.R.Civ.P. 4(c)(2)(C)(ii) is in doubt. Southwest represents that Daniel failed to include two copies of a notice and acknowledgment and therefore did not effect personal service under this subdivision of the rule. *See* Southwest's brief in support of motions to dismiss under Rule 12 at 7.

**8.** Daniel filed a form requesting appointment of counsel on June 24, 1988. That request was not brought to the attention of the court until Daniel moved for such appointment on September 16, 1988. In any event, the filing of a motion for appointment of counsel will not meet the 90 day requirement. *Jackson v. Pala, Inc.,* 621 F.Supp. 1119, 1210 (M.D.La.1985), *aff'd,* 787 F.2d 586 (5th Cir.1986). The same is true of a right to sue letter. *Baldwin County Welcome Center,* 466 U.S. at 150, 104 S.Ct. at 1725.