**Frank S. ALEMAN, Plaintiff,**

**v.**

**The STATE of Texas, et al., Defendants.**

**Civ. A. H–92–1811.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 8, 1992.

Frank S. Aleman, pro se.

Phillip E. Marrus, Asst. Atty. Gen., Austin, Tex., for defendants.

### MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the Court is the Motion for Summary Judgment filed by Defendants the Texas Department of Criminal Justice—Institutional Division, L.H. Beaird and J.E. Neeley (Docket Entry # 17) and the Motion for Dismissal of Summary Judgment filed by Plaintiff Frank S. Aleman (Docket Entry # 21). Defendants seek summary judgment on the grounds that Aleman failed to institute suit within ninety days after his receipt of the notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"). In addition, Defendants request an award of reasonable attorneys' fees and costs of suit against Aleman, alleging that this action is without merit and is frivolous.

Jurisdiction in this matter is proper pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. In his complaint, Plaintiff asserts a claim of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including the trial and entry of judgment pursuant to 28 U.S.C. § 636(c) (Docket Entry # 22). The case was referred to the undersigned magistrate judge.

After a careful review of the pending motions, the submissions, and the applicable law, this Court finds that Defendants' Motion for Summary Judgment should be GRANTED and Plaintiff's Motion for Dismissal of Summary Judgment should be DENIED, as there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. This Court further finds that Defendants' request for attorneys' fees and costs should be DENIED as Defendants have failed to show that Plaintiff brought this action in bad faith or that it is frivolous, unreasonable, or without foundation.

### 1. *Background*

Plaintiff Frank S. Aleman filed his complaint on September 16, 1991, alleging that Defendants had discriminated against him in employment because of his national origin, Mexican–American. Specifically, he claims that he was wrongfully terminated from his position as construction foreman with the Texas Department of Criminal Justice on November 20, 1988 and was falsely accused of gross negligence and misconduct.

In the complaint, Aleman states that he filed a charge of employment discrimination with the EEOC on May 9, 1989. Appended to the complaint is a copy of the charge of discrimination dated accordingly. Aleman also states in the complaint that the EEOC issued a notice of right to sue which was received by plaintiff on October 12, 1990. A copy of the notice of right to sue, dated October 12, 1990, is attached to the complaint. The notice of right to sue recites that it was issued "because [plaintiff] ha[d] specifically requested this Notice." The notice advises Aleman, "If you choose to commence a civil action, such suit must be filed in the appropriate United States District Court within 90 days of your receipt of this Notice." The notice also advises, "In order to apply for an appointed attorney, you should, *well before the expiration of the above 90–day* period, take this Notice, along with any correspondence you have received from the Justice Department or the Equal Employment Opportunity Commission, to the Clerk of the United States District Court in Victoria."

A review of the record further reveals that on January 4, 1991, Aleman filed an application to proceed *in forma pauperis,*

which application was granted on September 16, 1991. The record does not reveal whether the complaint, which ultimately was filed on September 16, 1991, was presented to the clerk of the court at an earlier date, as it bears only the September 16, 1991 file stamp.

## 2. *Analysis*

In order to be entitled to summary judgment under Fed.R.Civ.P. 56, the moving party must establish the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If there is no material issue of fact in a case, then the granting of a summary judgment is appropriate. *Id.* at 322–23, 106 S.Ct. at 2552–53; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Genuine disputes over irrelevant or nonmaterial facts will not preclude summary judgment. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir.1988). Under the Supreme Court's trilogy of cases, when a movant comes forward with evidence which would support summary judgment, the non-movant must delineate specific facts which demonstrate a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). A party against whom summary judgment is sought cannot raise a fact issue simply by stating a cause of action where defendant's state of mind is a material element. *Clark v. Resistoflex*

*Co., Div. of Unidynamics Corp.*, 854 F.2d 762, 771 (5th Cir.1988). Instead, " 'there must be some indication that he can produce the requisite quantum of evidence.' " *Id.* (quoting *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)). The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

In the instant case, Defendants have met their summary judgment burden by establishing that Aleman did not institute suit within ninety days of his receipt of the notice of right to sue as required by 42 U.S.C. § 2000e–5(f)(1).[1] In fact, it is apparent from the face of the complaint that it was not filed within the ninety-day deadline. It is well established, however, that the ninety-day deadline for filing suit under Title VII is not a jurisdictional prerequisite but, like a statute of limitations, is subject to equitable principles such as tolling and waiver.[2] *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). *See, e.g., Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988); *Wilburn v. Dial Corp.*, 724 F.Supp. at 533; *Daniel v. S.E.S. Dev. Co.*, 703 F.Supp. 601, 603 (N.D.Tex.1988).

Plaintiff Aleman, however, does not attempt to invoke the principles of equitable tolling and gives no explanation of why he filed the complaint more than eight months after the ninety-day period expired. In his

---

1. A failure to comply with the ninety-day filing requirement is an affirmative defense that should be pled by the defendant in a Title VII action. *Ruiz v. Shelby County Sheriff's Dept.*, 725 F.2d 388, 391 (6th Cir.1984), *cert. denied*, 469 U.S. 1016, 105 S.Ct. 428, 83 L.Ed.2d 355 (1984); *Wilburn v. Dial Corp.*, 724 F.Supp. 530, 532 (W.D.Tenn.1989). Although Defendants move for summary judgment on this ground, they failed to plead it as an affirmative defense. However, because Plaintiff did not raise this point in his response to the motion for summary judgment, the Court will regard it as having been waived. Furthermore, other courts,

including the United States Supreme Court, have permitted defendants to raise issues on summary judgment that should have been included as an affirmative defense in the answer but were omitted. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 163, 104 S.Ct. 1723, 1731, 80 L.Ed.2d 196 (1984); *Roloff v. Arabian American Oil Co.*, 421 F.2d 240, 242 (2d Cir.1970); *Yonkers v. Otis Elevator Co.*, 649 F.Supp. 716, 726 (S.D.N.Y.1986), *aff'd*, 844 F.2d 42 (2d Cir.1988).

2. The Court notes that neither party has cited the controlling precedent concerning the ninety-day filing requirement.

response to Defendants' motion for summary judgment, Aleman does not address the ninety-day filing requirement at all. Thus, his response falls far short of the requirements imposed on a non-movant under the Supreme Court's trilogy of cases. Aleman articulates no facts which raise a genuine issue of material fact as to Aleman's compliance with the ninety-day filing deadline. Therefore, Aleman has failed to meet his burden to preclude the entry of summary judgment against him.

■ This Court has reviewed the record to determine whether the *in forma pauperis* petition ("*ifp*" petition), filed within the ninety-day period, might suffice to qualify as a complaint in accordance with the court's holding in *Robinson v. Fairfield,* 750 F.2d 1507, 1511 (11th Cir.1985). However, unlike the *ifp* petition in *Robinson,* Aleman's petition makes no mention of employment discrimination; it does not identify Aleman's national origin nor does it allege that he believes that he was terminated because of his national origin. The *ifp* petition merely states, "I was falsely accussed (sic) of gross negligence and misconduct. I have two witnesses that heard Warden L.H. Beaird say that he could not find any prove (sic) that I was guilty of gross negligence. I have proof that I was bypassed on a job promotion."

The instant case falls squarely within the Supreme Court's decision in *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 150–52, 104 S.Ct. at 1725–26, which held that the filing of a right-to-sue letter within the ninety-day period did not satisfy the requirements of Title VII nor did it serve to toll the ninety-day period because there was no statement in the letter as to the factual basis for the claim of discrimination. Like the right-to-sue letter in *Baldwin County,* Aleman's *ifp* petition does not qualify as a complaint. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." Aleman's *ifp* petition does not assert any claim of discrimination based on his national origin or allege any facts to support a claim that his termination stemmed from a discriminatory motive. Aleman's summary judgment response is likewise inadequate; it identifies no facts giving rise to a reasonable inference of discrimination in the termination of Aleman's employment. Under these circumstances, plaintiffs' claims are properly dismissed or summary judgment is rendered against them. *See, e.g., Toledo v. Nobel–Sysco, Inc.,* 892 F.2d 1481, 1494 (10th Cir.1989), *cert. denied,* 495 U.S. 948, 110 S.Ct. 2208, 109 L.Ed.2d 535 (1990); *Johnson v. Gen. Elec.,* 840 F.2d 132, 138 (1st Cir.1988); *Faulk v. Orlando,* 731 F.2d 787, 790 (11th Cir.1984); *Scott v. Sears, Roebuck & Co.,* 605 F.Supp. 1047, 1054 (N.D.Ill.1985), *aff'd,* 798 F.2d 210 (7th Cir.1986).

■ Moreover, Plaintiff's allegation in the *ifp* petition that he was bypassed for promotion is not properly includable in a complaint because he did not assert this claim in his EEOC charge. Aleman's EEOC charge alleges only that he was wrongfully discharged on November 20, 1988. Aleman's response to the motion for summary judgment discusses two instances in which he did not receive promotions that he sought in 1985 and 1987. However, Aleman may not secure judicial review of these claims without prior administrative consideration. His failure-to-promote claims are factually discrete, remote in time and are not reasonably related to the wrongful termination claim in the EEOC charge; they are not within the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination. *See Ray v. Freeman,* 626 F.2d 439, 442–43 (5th Cir.1980), *cert. denied,* 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970). *See also Coon v. Ga. Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir.1987). Thus, they are not cognizable by this Court.

■ Therefore, this Court finds that Aleman's *ifp* petition does not constitute a complaint sufficient to satisfy the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1). This result is in line not

only with the Supreme Court's decision in *Baldwin County* but with the Fifth Circuit's decisions in *Antoine v. United States Postal Serv.*, 781 F.2d 433 (5th Cir.1986) and *Firle v. Miss. State Dept. of Educ.*, 762 F.2d 487 (5th Cir.1985). In *Antoine*, the Fifth Circuit determined that the plaintiff's filing of a financial affidavit in support of a request for the appointment of an attorney, the EEOC right-to-sue notice, the Postal Service investigation form, and the final agency decision issued by the Postal Service did not meet the requirements of Fed.Rs.Civ.P. 3 and 8 in order to satisfy the thirty-day statutory period, comparable to the ninety-day deadline, applicable to federal sector employment discrimination cases. *Antoine v. United States Postal Serv.*, 781 F.2d at 435, 438. In *Firle*, the Fifth Circuit found that Firle's right-to-sue notice, financial affidavit, request for appointment of counsel, and notice of termination from his employer were not adequate pleadings to commence timely a Title VII action. *Firle v. Miss. State Dept. of Educ.*, 762 F.2d at 489. Other courts have reached like results on similar facts. *See, e.g., Mumphrey v. James River Paper Co.*, 777 F.Supp. 1458, 1460 (W.D.Ark.1991); *Daniel v. S.E.S. Dev. Co.*, 703 F.Supp. at 604; *Lawrence v. Chairman, EEOC*, 728 F.Supp. 899, 902 (N.D.N.Y.1990). Moreover, Aleman's later filing of his complaint does not relate back to the original filing of the *ifp* petition, as the petition did not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin County Wel-*

*come Ctr. v. Brown*, 466 U.S. at 149 n. 3, 104 S.Ct. at 1725 n. 3 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *Firle v. Miss. State Dept. of Educ.*, 762 F.2d at 489.[3]

This Court is not insensitive to Aleman's status as a *pro se* litigant alleging unlawful employment discrimination. However, as the Supreme Court stated in *Baldwin County*, there is no basis for giving Title VII actions a special status under the Rules of Civil Procedure. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 150, 104 S.Ct. at 1725. Moreover, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 152, 104 S.Ct. at 1726. Based on the record before it, this Court has no choice but to hold that Aleman has failed to comply with the requirement that he file a complaint, as that term is defined in the Federal Rules of Civil Procedure, within ninety days of his receipt of the right-to-sue notice.

■ As to Defendants' claim for attorneys' fees and costs, Defendants must not only prevail but must show that Aleman's action is frivolous, unreasonable, or without foundation or that it was brought in bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Defendants have not attempted to establish any of these factors.[4] Accordingly, Defendants

3. The facts in this case are distinguishable from those of *Robinson v. Fairfield*, 750 F.2d at 1507, where the *ifp* petition contained a detailed factual description of plaintiff's claims of race discrimination. The instant facts also differ from *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir.1984), where plaintiff filed the EEOC discrimination charge as well as the right-to-sue notice within the ninety-day period, and *United States v. Flores*, 732 F.2d 1438, 1440 (9th Cir.1984), where plaintiff filed the right-to-sue notice and a copy of the EEOC decision within the time limits. Finally, based on the record as it currently exists, unlike the factual scenarios in *Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2d Cir.1988), *McClelland v. Herlitz, Inc.*, 704 F.Supp. 749, 751 (N.D.Tex.1989) and *Nielsen v. Flower Hospital*, 639 F.Supp. 738, 742 (S.D.N.Y.1986), there is no indication that Ale-

man's complaint was presented to the clerk at the same time the *ifp* petition was filed. Aleman could have presented an affidavit or other evidence on this point in opposition to defendants' motion for summary judgment. Instead, his response, as well as the record, is silent on this issue.

4. The Court notes that reasonable attorneys' fees in this case would be quite small if they were properly awardable. Defendants' counsel appears to have spent very little time or effort on this case, as evidenced by counsel's failure to include the ninety-day filing requirement as an affirmative defense in the answer and the omission of any reference to controlling Supreme Court and Fifth Circuit precedent in the summary judgment papers.

are not entitled to an award of reasonable attorneys' fees or costs of suit.

### 3. *Conclusion*

Defendants have met their burden of coming forward with evidence which supports summary judgment, as the evidence resolves the matter and leaves no genuine issue of material fact upon which to proceed. Plaintiff has failed to rebut the evidence, and Defendants are, therefore entitled to judgment as a matter of law. Based on the foregoing, it is ORDERED that Defendants' Motion for Summary Judgment is GRANTED, Plaintiff's Motion for Dismissal of Summary Judgment is DENIED, and Defendants' request for attorneys' fees and costs of suit is DENIED.