**Eva SUAREZ, Plaintiff-Appellant,**

**v.**

**LITTLE HAVANA ACTIVITIES and Nutrition Centers of Dade County, Inc., Defendants-Appellees.**

**No. 82–5930.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 12, 1983.

Irving Weinsoff, Miami, Fla., for plaintiff-appellant.

Bonnie Rippingille, Coral Gables, Fla., for defendants-appellees.

Before RONEY, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

The sole issue in this case is whether appellant's Title VII complaint was timely filed. Finding that the complaint was timely filed, we reverse.

Eva Suarez was employed by the Little Havana Community Center as a social services coordinator. Rafel Valleverde is the executive director of Little Havana Activities (Little Havana) and Nutrition Centers of Dade County, Incorporated. In September, 1979, Valleverde terminated Suarez. Although Valleverde cited lack of funding as the reason for Suarez's termination, Suarez contends that she was fired because she resisted Valleverde's sexual advances.

In February, 1980, Suarez filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). On March 9, 1981, the EEOC sent Suarez a "Notice of Right to Sue" letter. The ninety-day statutory period in Title 42 U.S.C.A. § 2000e–5(f)(1)[1] provides that an aggrieved party must file a civil action against the respondents named in the charge within ninety days after receipt of the "Notice of Right to Sue." Thus, Suarez's complaint had to be filed not later than June 8, 1981.

It is undisputed that on June 6, 1981, Suarez's lawyer, in Miami, Florida, mailed the complaint and summons to the Clerk of the District Court for the Southern District of Florida at Miami, Florida. The Clerk's office did not *file* the complaint until June 10, 1981. The record is silent as to where the complaint was between June 6 and June 10. In January, 1982, the District Court for the Southern District of Florida dismissed Suarez's complaint for lack of jurisdiction, stating that timely filing was essential under section 2000e, and that mailing of the complaint a reasonable time before the deadline could not be considered a substitute for filing so as to justify an equitable tolling of the ninety-day period.

The sole issue we are called upon to decide is whether the filing provisions in 42 U.S.C.A. § 2000e–5 are absolute, or whether they may be liberally construed under the circumstances. Suarez contends that although the clerk filed her complaint ninety-two days after she received her "Right to Sue" letter from the EEOC, no jurisdictional bar exists because Rule 6(e) of the Federal Rules of Civil Procedure provides that three days are to be added to the prescribed limitation period whenever the mails are used. In effect, Suarez contends that Rule 6(e) of the Federal Rules of Civil Procedure is applicable to Title VII cases. If applicable, Suarez's case would not be time barred because her complaint was filed within ninety-three days after receipt of the "Right to Sue" letter.

Rule 6(e) of the Federal Rules of Civil Procedure provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon them by mail, 3 days shall be added to the prescribed period.

Suarez asserts that the Eleventh Circuit should adopt the approach of the district court in *Tavernaris v. Beaver Area School District,* 454 F.Supp. 355, 357 (W.D.Pa. 1978). In *Tavernaris,* the district court held Rule 6(e) of the Federal Rules of Civil Procedure applicable to the ninety-day period in which suit must be filed under Title VII. Consequently, in that case, plaintiff's complaint, filed within ninety-two days after notice of right to sue, was held to be timely. In so holding, the district court noted that the filing requirements in a Title VII action are to be given liberal construction.

No Eleventh Circuit case is directly on point. The Fifth Circuit, however, has consistently employed a strict interpretation of the filing requirement in Title VII cases. In *Wrenn v. American Cast Iron Pipe,* 575

1. The statute states in pertinent part:
   If ... the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and *with-*

*in ninety days after the giving of such a civil action may be brought against the respondent named in the charge ....* [Emphasis added.]

F.2d 544, *reh'g denied,* 578 F.2d 871 (5th Cir.1978), the Fifth Circuit held that the ninety-day limitation period for bringing a Title VII action following receipt of the "Right to Sue" letter is mandatory, and that a plaintiff who does nothing to call the case to the attention of the district court is time barred and will suffer dismissal. Additionally, in determining whether or not rule 6(e) applies to other statutorily prescribed civil remedies, the Fifth Circuit in *Carr v. Veteran's Administration,* 522 F.2d 1355, 1357 (5th Cir.1975), held that rule 6(e) is not applicable to tort suits against the federal government employing Title 28 U.S.C.A. § 2401(b) as the statute of limitations. Section 2401(b) by its language commences the period of limitations with the date of the mailing of the torts claim, while rule 6(e) commences the period of limitations with the service of a notice or other paper.

*Carr* is decided within the context of a tort suit against the federal government, rather than as a Title VII action; its holding, therefore, is not directly applicable to this Title VII case. We need not decide whether *Carr* is also applicable to Title VII cases. Unlike the plaintiff in *Wrenn,* Suarez actively sought to file her action within the statutorily prescribed limitation period.

In *Franks v. Bowman Transportation,* 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), the Fifth Circuit applied equitable tolling to a Title VII action, holding that the limitations period did not begin to run until the plaintiff had actual, rather than constructive, receipt of the "Right to Sue" letter. In holding that the statute of limitations had been equitably tolled, the court stated that Congress did not intend to make a claimant's statutory right to sue subject to "such fortuitous variables as workload, mistakes, or possible lack of diligence of EEOC personnel." *Bowman,* 495 F.2d at 405. If Congress did not intend to make a statutory right subject to the mistakes of EEOC personnel, surely Congress

did not intend to make a claimant's statutory right to sue subject to the mistakes of either United States Postal workers or the staff of a clerk's office. We do not know what happened to Suarez's complaint between the time of its mailing and the time of its filing. Perhaps the complaint was delivered to the Clerk's Office within the ninety-day limitation period. In the usual course of events, Suarez's complaint would have been delivered and filed within the ninety-day period. We only know that the complaint was not *filed;* we do not know why it was not filed.[2] Moreover, Suarez mailed the complaint in Miami to a Miami address; it was reasonable for her to expect delivery and filing of her complaint within forty-eight hours of its mailing. To hold otherwise would require personal delivery of every complaint to the clerk's office and personal attention to its filing.

The Fifth Circuit, by which we are bound, has generally adopted equitable tolling of the limitations period in Title VII cases. *See Coke v. General Adjustment Bureau,* 640 F.2d 584, 594 (5th Cir.1981) (en banc). We, therefore, consider it in this context. Suarez's actions showed neither a lack of diligence nor carelessness or a lack of intent to actually file the complaint. The respondents were not surprised by the charges or otherwise prejudiced.

Accordingly, we reject the rule 6(e) contention, but in the spirit of Fifth Circuit precedent, hold that the statute of limitations period prescribed by section 2000e–5 was equitably tolled under the circumstances in this case. We reverse the decision of the district court and remand for further proceedings.

REVERSED and REMANDED.

---

2. From our supervisory position, we note that physical as well as other changes were occurring in the Clerk's office in the Southern District of Florida during this period. We also note that the Southern District of Florida has one of the heaviest civil caseloads in the nation.