# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-2831

_____

Herb Hallgren,

        Appellant,

   v.

United States Department
of Energy,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Nebraska.

[PUBLISHED]

_____

Submitted: January 17, 2003
Filed: June 11, 2003

_____

Before HANSEN,[1] Chief Judge, RICHARD S. ARNOLD and BOWMAN, Circuit
Judges.

_____

HANSEN, Circuit Judge.

Herb Hallgren brought suit against the United States Department of Energy (the
DOE), alleging age discrimination and constructive discharge in violation of the Age

_____

[1] The Honorable David R. Hansen stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 31,
2003. He has been succeeded by the Honorable James B. Loken.

Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 (2000), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1126 (1998). The district court[2] dismissed the suit as time-barred. Hallgren now appeals the district court's judgment, and we affirm.

I.

Hallgren was an employee of the Rocky Mountain Region of the Western Area Power Administration, which is part of the DOE. In August 2000, when he was 56 years old, he applied for a transfer to a similar position for which he was qualified in Loveland, Colorado. Hallgren then requested early retirement on August 31, 2000. On September 20, 2000, he was given notice that he was not selected for the transfer. The DOE gave the position to a 35-year-old person. Hallgren's early retirement became effective on September 30, 2000, and the denial-of-transfer decision was official as of October 3, 2000.

Hallgren filed a timely administrative complaint of age discrimination with the DOE. The DOE found no support for his allegations of discrimination and issued a final decision denying his complaint. Hallgren then filed an action in federal court. The DOE filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), and alternatively, for summary judgment, arguing (1) that the suit was time-barred, (2) that the DOE was not the proper defendant, and (3) that Hallgren failed to establish a prima facie case of age discrimination. Hallgren submitted supplemental evidence in opposition to the motion. The district court granted summary judgment in favor of the DOE, concluding that the suit was untimely and that Hallgren was not entitled to equitable tolling of the statute of limitations. Hallgren appeals. We discuss the evidence in more detail below.

---

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

## II.

We review the grant of summary judgment de novo, giving the nonmoving party the benefit of all reasonable inferences supported by the record. Eddings v. City of Hot Springs, 323 F.3d 596, 600 (8th Cir. 2003). We must determine whether the record, when viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The ultimate issue here of whether this suit is time-barred is a question of law, which properly may be resolved by summary judgment provided there are no genuine issues of material fact in dispute. Lerohl v. Friends of Minn. Sinfonia, 322 F.3d 486, 488 (8th Cir. 2003).

The failure to file suit within 90 days of receiving a notice of final agency action renders a plaintiff's ADEA action untimely. 29 C.F.R. § 1614.407(a); Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001). Hallgren received the final agency decision rejecting his age discrimination claim on June 15, 2001. That decision clearly required him to file a civil action in federal court within 90 calendar days from the date of its receipt. Thus, the last possible day for him to file a civil lawsuit was September 13, 2001. Hallgren's attorney mailed the complaint from Scottsbluff, Nebraska, on September 12, 2001, expecting it to be delivered and filed in Omaha the following day. In counsel's experience, a letter mailed from Scottsbluff to Omaha–a distance of 450 miles–"generally" arrives in Omaha the following day. In this instance, however, while the complaint was mailed on September 12, it was not filed until September 18, 2001, five days beyond the 90-day limitation. These facts are not in dispute. The district court did not err in concluding that the complaint was filed beyond the limitation.

3

The district court considered but rejected the applicability of equitable tolling on the facts of this case. "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990), cert. denied, 498 U.S. 1026 (1991). For instance, the Supreme Court has indicated that equitable tolling might be appropriate when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that he had done everything required of him, or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction. See Baldwin County Welcome Ctr. v. Brown 466 U.S. 147, 151 (1984). None of these circumstances are present. Hallgren had adequate notice of the 90-day limit, he was represented by counsel, and there is no assertion of any affirmative misconduct that misled him into missing the filing deadline. By mailing the complaint one day before the deadline, his attorney assumed the risk that any slight disruption of ordinary mail service might delay the filing.

The record does not clearly establish when the clerk's office received the complaint and cover letter. The district court stated in its order that a cover letter accompanying the complaint was stamped as received on September 14, 2001, one day beyond the 90-day limit, but we find no such letter in the record accompanying the complaint. While we do not dispute the district court's statement, we have examined the district court file and find no such cover letter within it. While Hallgren submitted a copy of the cover letter in his opposition to the summary judgment motion, there is no evidence that we can find indicating when the clerk's office received the letter other than the district court's recitation. If there were some indication that it had arrived at the clerk's office in a timely manner on September 13, 2001, but was not file stamped until after the 90-day limit had run, we might well find that the clerk's delay in filing the complaint was a factor justifying equitable tolling– the untimely filing would have been out of the plaintiff's hands in that case. Nothing in the record, however, supports such an inference. There is no record indication of

4

when the letter and complaint arrived at the clerk's office, apart from the district court's recitation that it arrived one day late.

Hallgren argues that equitable tolling is appropriate because the DOE suffered no prejudice from the late filing in this case. The Supreme Court dismissed this identical argument in <u>Baldwin County Welcome Center</u>, stating that "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." 466 U.S. at 152. The circumstances of this case present no factor on which equitable tolling might be justified unless we are willing to engage in speculation, unsupported by the record, that the clerk's office received the cover letter on September 13, 2001. Absent some basis in the record to support this inference, we conclude that the district court properly refused to apply the doctrine of equitable tolling.

Hallgren cites <u>Suarez v. Little Havana Activities</u>, 721 F.2d 338, 340 (11th Cir. 1983), for the proposition that equitable tolling is appropriate. We find this case to be factually distinguishable. In <u>Suarez</u>, the plaintiff mailed a Title VII complaint for filing in the same city two days prior to the 90-day deadline, and it was not filed until two days after the deadline had expired. The court stated, "We do not know what happened to Suarez's complaint between the time of its mailing and the time of its filing. Perhaps the complaint was delivered to the Clerk's Office within the ninety-day limitation period. . . . We only know that the complaint was not filed" within that limitation period. <u>Id.</u> The Eleventh Circuit held that equitable tolling applied because it was reasonable to mail a complaint in Miami and expect it to be delivered and filed in Miami within 48 hours of its mailing. <u>Id.</u> We are unwilling to engage in this fiction in the present case where Hallgren mailed his complaint from 450 miles away and expected it to be filed within 24 hours of its mailing. This expectation was unreasonable because it provided no leeway for ordinary delays in the mail service,

5

a factor that we believe ought to be a reasonable concern when mailing a complaint a long distance only one day before a limitation deadline. "Equitable tolling is not an excuse to be invoked by those failing to exercise reasonable diligence." Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998), cert. denied, 525 U.S. 1139 (1999). We will not apply equitable tolling in this instance.

## III.

Finding no genuine issue of material fact and that the defendant is entitled to summary judgment as a matter of law, we conclude that the district court correctly entered judgment in favor of the DOE. We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6