# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2657
_____

Jodie A. Pennington

*Plaintiff - Appellant*

v.

University of Arkansas Board of Trustees; B. Alan Sugg, President, University of
Arkansas System; Milo Shult, Vice President for Agriculture, University of
Arkansas; Tony Windham, Interim Associate Vice-President for Agriculture -
Extension and Director of the Cooperative Extension Service, University of
Arkansas; Tom Troxel, Associate Head, Department of Animal Science,
University of Arkansas Cooperative Extension Service; Keith Lusby, Head,
Department of Animal Sciences, University of Arkansas

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 7, 2013
Filed: April 2, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jodie Pennington received notice of termination from his employment with the University of Arkansas Cooperative Extension Service (UACES) on June 5, 2009. On July 27, he filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging age discrimination and retaliation. He received a right-to-sue letter, but instead of filing suit within 90 days, he filed another charge of discrimination on December 7, 2009. The second charge repeated the allegations included in the first, and further alleged that his former employer was providing negative references and intimidating witnesses in retaliation for his filing of the first EEOC charge. He received a second right-to-sue letter in early May 2010. On July 26, 2010, he filed suit in the district court, claiming that he was terminated in retaliation for complaining of age discrimination to UACES Civil Rights Compliance Officer Barbara Batiste, in violation of the Age Discrimination in Employment Act (ADEA) and the Arkansas Civil Rights Act (ACRA). The district court[1] subsequently granted defendants' motion for summary judgment. Pennington appeals.

After careful de novo review, see Estate of Morgan v. Cook, 686 F.3d 494, 496 (8th Cir. 2012), we conclude that summary judgment was proper. The July 2010 complaint was untimely as to the first EEOC charge. See Hallgren v. DOE, 331 F.3d 588, 589 (8th Cir. 2003) (failure to file suit within 90 days of receiving notice of final agency action renders plaintiff's ADEA action untimely); see also Ark. Code Ann. § 16-123-107(c)(3) (ACRA claim must be filed within 1 year after discrimination occurred or within 90 days of receiving right-to-sue letter). The second EEOC charge was untimely as to Pennington's claims of discriminatory and retaliatory discharge, as it was filed with the EEOC more than 180 days after Pennington received his notice of termination. See 29 U.S.C. § 626(d) (ADEA's 180-day limitation period); Hutson v. Wells Dairy, Inc., 578 F.3d 823, 826 (8th Cir. 2009) (termination is discrete act which occurs when employer notifies employee of decision to terminate

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

employment); see also Burkhart v. Am. Railcar Indus., Inc., 603 F.3d 472, 476 (8th Cir. 2010) (plaintiff may not rely on untimely EEOC complaint to support timeliness of ACRA claim).  Finally, Pennington did not produce evidence tending to show a causal link between his filing of an EEOC charge and UACES's alleged post-termination retaliation.  See McCullough v. Univ. of Ark. for Med. Scis., 559 F.3d 855, 864 (8th Cir. 2009) (to establish prima facie case for ACRA retaliation claim, plaintiff must show he engaged in statutorily protected activity, he suffered adverse employment action, and causal connection exists between the two events); Stewart v. Indep. Sch. Dist. No. 196, 481 F.3d 1034, 1042-43 (8th Cir. 2007) (same for ADEA retaliation claim).

Therefore, we affirm the judgment of the district court.  See 8th Cir. R. 47B. We deny Pennington's pending motions.

_____