# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2891

_____

Dewayne Vesey

*Plaintiff - Appellant*

v.

Midwest Janitorial Services, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 25, 2016
Filed: October 28, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dewayne Vesey appeals the district court's[1] dismissal of his pro se Title VII complaint against his former employer. The district court based the dismissal on

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Vesey's failure to bring his action within 90 days after receiving a right-to-sue letter. On appeal, Vesey suggests that equitable tolling should have applied.

Upon careful review, we conclude that the dismissal was proper, and that equitable tolling was not warranted. *See* 42 U.S.C. § 2000e-5(f)(1) (90-day requirement); *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (in Title VII action, if agency dismisses charge and notifies complainant of right to sue, then complainant has 90 days to bring civil action in federal court); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984) (per curiam) (claimant was presumed to have received notice 3 days after its issuance); *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 590 (8th Cir. 2003) (discussing grounds for equitable tolling).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____