[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11393
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-02791-MHC


EDWINA ROSE TUCKER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 8, 2018)

Before ROSENBAUM, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Edwina Rose Tucker appeals the district court's dismissal of her *pro se* Federal Tort Claims Act ("FTCA") lawsuit.  The court found that her complaint was time-barred and therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Tucker maintains that she timely filed her initial complaint because she mailed it to the court on the last day of the limitations period, and that the court committed several errors in handling her case.  After careful review, we affirm.

We begin by summarizing the operative facts.  On March 15, 2016, Tucker signed a complaint against the Secretary of the U.S. Department of Veterans Affairs arising out of the hospitalization and subsequent death of her husband at the Atlanta Veterans Affairs Medical Center in June 2014.  Tucker alleged that her husband died from a fungal infection he contracted at the Medical Center due to the negligence of its staff.  The complaint was stamped as received by the clerk of the district court on April 4, 2016.

The district court, acting *sua sponte*, dismissed the complaint for lack of jurisdiction over the named defendant—the Secretary of the U.S. Department of Veterans Affairs—and directed her to re-file her complaint against the proper defendant—the United States—within 30 days.  When Tucker filed an amended complaint naming the United States, the district court construed it as a new case and directed the clerk to file the complaint under a new civil-action number.

The United States moved to dismiss Tucker's amended complaint soon after it was opened as a new civil case on August 1, 2016. The United States argued that Tucker's action was time-barred because she did not file her complaint within six months of the September 15, 2015, final administrative decision on her claim. *See* 28 U.S.C. § 2401(b) (providing that tort claims against the United States "shall be forever barred" unless filed within six months of the agency's final decision). In response, Tucker asserted that her initial complaint was timely because it "was dated for March 15, 2016 and deposited in the U.S. Mail with postage prepaid, which constitutes a legal filing with the U.S. Courts."

On March 14, 2017, the district court again dismissed Tucker's FTCA lawsuit. This time, the court found that Tucker's claim was time-barred because it was not filed within six months of the VA's September 15, 2015, final decision. The court first used the date Tucker's amended complaint was docketed—August 1, 2016—to determine that it was untimely. But the court determined that Tucker's initial complaint was untimely as well, rejecting her argument that the filing date of her initial complaint should have been March 15, 2016, when she deposited it in the U.S. mail. The date that mattered, according to the court, was the date the clerk received her complaint, which was April 4, 2016. The court found that it lacked jurisdiction due to Tucker's untimely filing, and so it dismissed her lawsuit as frivolous. Tucker filed a timely notice of appeal. The court denied

Tucker's motion for reconsideration and her application for leave to appeal *in forma pauperis*, certifying that the appeal was not taken in good faith.

Under § 1915(e)(2)(B)(i), the district court must, on its own initiative, dismiss the case of a plaintiff proceeding *in forma pauperis* if the court determines that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous if it lacks an arguable basis in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). We ordinarily review a district court's *sua sponte* dismissal of a claim as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *Id.* Here, however, the dismissal was based on the court's interpretation and application of a statute of limitations, issues we review *de novo*. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). Therefore, we apply *de novo* review.

We liberally construe the filings of *pro se* parties. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). However, we still require *pro se* parties to comply with procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), including statutes of limitations, *see Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) ("*[P]ro se* litigants, like all others, are deemed to know of the . . . statute of limitations.").

"[T]he United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir.

4

2015).  Through the FTCA, the United States has, as a general matter, "waived its immunity from tort suits based on state law tort claims."  *Id.*  But the United States may impose whatever conditions on its consent that it wishes, and courts must strictly observe those conditions and limitations.  *Id.* at 1321–22.

As relevant here, the FTCA requires that tort claims against the United States be filed with the appropriate agency "within two years after such claim accrues" and in federal court "within six months after" the agency's final decision on the claim.  28 U.S.C. § 2401(b).  These time bars are non-jurisdictional and subject to equitable tolling.  *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond her control and unavoidable even with diligence."  *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (alteration adopted) (quotation marks omitted).

Here, we agree with the district court that Tucker's claim is barred by the FTCA because her complaint was not timely filed within six months of the VA's final decision on her claim.  *See* 28 U.S.C. § 2401(b).  In reaching that conclusion, we assume, as Tucker contends, that the court erred by construing her amended complaint as a new case.  We also assume that her amended complaint relates back to her initial complaint for timeliness purposes.  We therefore base our decision on her initial complaint, which, she says, she signed and mailed on the final day of the

limitations period, March 15, 2016.  Nevertheless, Tucker's initial complaint is still untimely because it was not "filed" by that date.

The general rule is "that a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk.'" *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (quoting *Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir. Mar. 1981)[1]); *see Houston v. Lack*, 487 U.S. 266, 273 (1988) ("[R]eceipt constitutes filing in the ordinary civil case . . . ."); Fed. R. Civ. P. 5(d) (stating that a paper is "filed" by delivering it to the clerk or a judge who agrees to accept it for filing).  Mailing alone is not enough.  *See Leggett*, 640 F.2d at 766 (holding that a complaint mailed before but received after the expiration of the limitations period was time-barred).

The general rule is subject to a few exceptions, most notably for cases involving *pro se* inmates.  The filings of *pro se* inmates generally are deemed "filed" when they are delivered to prison authorities for mailing to the court clerk. *Houston*, 487 U.S. at 266.  Tucker's case, however, is subject to the general rule because she is not an inmate and no contrary rule or statute applies.[2]

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] Before the district court, Tucker cited 26 U.S.C. § 7502 ("Timely mailing treated as timely filing and paying"), which provides an exception to the general rule in some matters involving the Internal Revenue Service.  *See* 26 U.S.C. § 7502(a).  But that statute expressly does not apply to "the filing of a document in . . . any court other than the Tax Court."  26 U.S.C. § 7502(d).  Consequently, Tucker cannot rely on § 7502.

Construing the record in Tucker's favor, her complaint was not timely filed. Because the general rule applies, Tucker's complaint needed to be "in the actual or constructive possession of the clerk" by March 15, 2016. *See Rodgers ex rel. Jones*, 790 F.2d at 1552. But her initial complaint was not received until after that date. Even assuming that the clerk delayed docketing her complaint, the clerk would not have received her complaint by March 15, 2016, which was the date she deposited the complaint in the U.S. Mail.[3] Accordingly, Tucker did not file her initial complaint before the expiration of the six-month limitations period applicable to claims under the FTCA. *See* 28 U.S.C. § 2401(b).

Equitable tolling can in some circumstances excuse a failure to file on time. For example, in *Suarez v. Little Havana Activities*, a Title VII case, we applied equitable tolling where the complaint was mailed to the clerk two days before the limitations period expired but it was not docketed by the district court until four days later, after the period expired. 721 F.2d 338, 339–40 (11th Cir. 1983). We held that equitable tolling applied because it was reasonable to mail a complaint in Miami and expect it to be delivered and filed in Miami within 48 hours of its mailing. *Id.* at 340.

---

[3] In her reply brief, Tucker asserts that she filed her complaint on March 15, 2016, by submitting it "to the District Court's U.S. Mail Slot for after business hour submission of documents." But that assertion is inconsistent with her representation to the district court that she placed the complaint in the U.S. Mail with "postage prepaid," and it was raised for the first time in her reply brief. Because Tucker raised that argument for the first time in her reply brief, we decline to consider it. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

*Suarez*'s reasoning does not apply here, though, because Tucker mailed her complaint on the same day the limitations period expired.  And it is not reasonable to expect an ordinary letter deposited in the U.S. Mail to be delivered that same day.  *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 591 (8th Cir. 2003) (refusing to apply equitable tolling where the plaintiff "mailed his complaint from 450 miles away and expected it to be filed within 24 hours of its mailing").  Because plaintiffs are generally responsible for "ordinary delays in the mail service," *id.*, equitable tolling is not warranted.

We acknowledge that a matter of a few days or even a few weeks seems trivial in comparison to the magnitude of Ms. Tucker's loss.  But, despite our sympathy for her, we may not disregard the limitations periods established by Congress for actions under the FTCA.  *See Zelaya*, 781 F.3d at 1321–22.  So we must affirm the district court's decision to dismiss Tucker's lawsuit as time-barred.  Although the district court erroneously concluded that it lacked jurisdiction as a result, *see Kwai Fun Wong*, 135 S. Ct. at 1638, that error is harmless because Tucker's claim was time-barred and she is not entitled to equitable tolling.

Finally, we lack jurisdiction to consider Tucker's argument that the district court erred in denying her motion for leave to appeal *in forma pauperis*.  *See Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008) (we examine our own jurisdiction *sua sponte*).  The denial of an application for leave to appeal

*in forma pauperis* is not a final order subject to appeal. *Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957). Instead, plaintiffs "may file a motion to proceed on appeal in forma pauperis in the court of appeals" after the district court denies leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(5). Accordingly, we dismiss Tucker's appeal as to the denial of her application for leave to appeal *in forma pauperis*. But we note that the district court's reference to the appeal not being taken in "good faith" was the court's assessment of her likelihood of prevailing on appeal, not a comment on her obviously sincere intentions.

For the reasons stated, we affirm the dismissal of Tucker's complaint, and we dismiss her appeal to the extent she seeks review of the district court's denial of her motion for leave to appeal *in forma pauperis*.

**AFFIRMED IN PART AND DISMISSED IN PART.**