# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1590

_____

LaTonya Jackson,

*Plaintiff - Appellant*

v.

Hennepin Healthcare System, Inc.; Duang See, individually and as a representative of Hennepin Healthcare System, Inc.,

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 23, 2024
Filed: April 25, 2025

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

COLLOTON, Chief Judge.

LaTonya Jackson sued her former employer, Hennepin Healthcare System, Inc., alleging employment discrimination. The district court[*] dismissed the action as untimely filed, and we affirm.

For over twenty years, Jackson worked as a patient services coordinator in Hennepin Healthcare's radiology department. The company terminated her employment in October 2022.

In May 2021, Jackson filed with the Equal Employment Opportunity Commission a charge of discrimination against Hennepin Healthcare. She alleged discrimination based on race, age, and disability, and retaliation for reporting discrimination. On May 5, 2023, the EEOC issued a right to sue letter to Jackson.

On August 4, 2023, Jackson filed a complaint against Hennepin Healthcare. Jackson alleged violations of Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. Jackson also sued a supervisor, Duang See, but later withdrew her claim against See and does not pursue that claim on appeal.

The district court granted Hennepin Healthcare's motion to dismiss the action on the ground that the complaint was untimely filed. The court concluded alternatively that Jackson failed to state a claim and that Jackson had not properly exhausted administrative remedies. We review the district court's decision *de novo*.

Under Title VII, the ADA, and the ADEA, a plaintiff must file suit within ninety days of receiving a right to sue letter. *See* 42 U.S.C. §§ 2000e-

---

[*]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

5(f)(1), 12117(a); 29 U.S.C. § 626(e). Jackson received a right to sue letter from the EEOC on May 5, 2023, so the filing deadline was August 3, 2023. The district court concluded that Jackson filed her complaint on August 4, 2023, declined to apply the doctrine of equitable tolling to extend the deadline, and dismissed the action as untimely.

Jackson asserts that she filed her complaint electronically in the district court on August 3. The record does not support this assertion. The district court's electronic docket displays a receipt showing that the complaint was filed at 12:08 a.m. on August 4. The face of the printed complaint filed with the record on appeal bears a filing date of August 4. There is no entry or marking showing that a complaint was filed on August 3.

Jackson suggests that the August 4 date appears on the complaint due to a "computer glitch" that occurred when her attorney filed a civil cover sheet with the complaint on the night of August 3 and the cover sheet triggered an "error" message in the filing system. Jackson claims that the glitch caused her attorney to re-file the civil cover sheet the next morning. She posits that when counsel filed the civil cover sheet on the morning of August 4, the complaint was assigned a new date of August 4.

The record does not support Jackson's surmise. The docket shows that the complaint was filed at 12:08 a.m. on August 4. A civil cover sheet was filed in error at 12:08 a.m. on August 4 and then re-filed at 11:11 a.m. on August 7. There is no record that Jackson filed a civil cover sheet or a complaint on August 3. The complaint was therefore untimely.

Jackson urges the court to apply the doctrine of equitable tolling to the ninety-day filing deadline. "Equitable tolling is premised on the excusable neglect of the filing party, and preserves a claim after the filing period has expired." *Shempert v.*

*Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998) (internal quotation and citation omitted). Equitable tolling may be appropriate "when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that he had done everything required of him, or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction." *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 590 (8th Cir. 2003). Application of the doctrine is typically reserved for circumstances that are "truly beyond the control of the plaintiff." *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989).

The district court did not err in declining to apply equitable tolling to the filing deadline. Jackson was represented by counsel and had adequate notice of the ninety-day deadline to file her suit. There was no affirmative misconduct by the defendant or misleading action by the court. Jackson simply waited until the eleventh hour to file her complaint, and she did not accomplish the task by the deadline. Even assuming that a computer glitch delayed filing, Jackson assumed that risk by waiting until the last minute. *See Hallgren*, 331 F.3d at 590 ("By mailing the complaint one day before the deadline, his attorney assumed the risk that any slight disruption of ordinary mail service might delay the filing."). There is no basis for equitable tolling.

The judgment of the district court is affirmed.

_____