# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-2665

_____

John Carl Michel, Jr.

*Plaintiff - Appellant*

v.

Honeywell International

*Defendant - Appellee*

Cigna

*Defendant*

Life Insurance Company of North America

*Defendant - Appellee*

1-10 Does

*Defendant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: April 24, 2026
Filed: May 1, 2026
[Unpublished]

_____

Before GRUENDER, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

John Michel, Jr., accused his former employer, Honeywell International, of lying about when it fired him and his disability-insurance providers, Cigna and Life Insurance Company of North America, of not paying all the benefits they owed. We affirm the district court's[1] dismissal of the claims against Honeywell and the grant of summary judgment to the insurers.

Honeywell is not liable because Michel was an at-will employee who could not establish wrongful termination, *see Crews v. Monarch Fire Prot. Dist.*, 771 F.3d 1085, 1090 (8th Cir. 2014) (explaining that an employer's "internal rules do[] not imply an enforceable employment contract"); waited too long to sue for disability discrimination, *see Jackson v. Hennepin Healthcare Sys., Inc.*, 134 F.4th 1262, 1263 (8th Cir. 2025) (enforcing the 90-day deadline); and based his defamation claim on the company's privileged statements to a state agency, *see* Mo. Rev. Stat. § 288.250(1) (codifying the privilege); *Remington v. Wal-Mart Stores, Inc.*, 817 S.W.2d 571, 575 (Mo. Ct. App. 1991) (recognizing it). All legally fatal flaws, with or without the "newly discovered evidence" he urged the district court to consider. *See East v. Minnehaha County*, 986 F.3d 816, 820 (8th Cir. 2021) (reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo); *see also Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (explaining that motions for reconsideration "are not to be used to introduce . . . evidence that could have been adduced" earlier or "to tender new legal theories" (citation omitted)).

The same goes for the insurers, which reasonably interpreted Honeywell's group policy when they calculated Michel's benefits and determined he no longer

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

qualified as disabled. *See McIntyre v. Reliance Standard Life Ins.*, 73 F.4th 993, 1000 (8th Cir. 2023) (reviewing a plan administrator's decision for an abuse of discretion). Basing the decision on the policy was enough for summary judgment, given that federal law preempted his breach-of-contract claim. *See Estes v. Fed. Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005).

We accordingly affirm the judgment of the district court, *see* 8th Cir. R. 47B, and deny Michel's motion to expedite as moot.

_____